**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEBBIE REINELT,

Plaintiff,

CASE NO.: 6:26-cv-152

vs.

UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. and MACK RIDES GMBH & CO KG,

Defendants.
_________________________________/

# NOTICE OF REMOVAL

Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. ("UCDP"), a Florida limited partnership, by and through its undersigned counsel, hereby gives notice of removal of this action from state court to this District Court pursuant to 28 U.S.C. § 1441(a), asserting in support thereof as follows:

## I. INTRODUCTION

1. On December 18, 2025, Plaintiff Debbie Reinelt filed a Complaint against UCDP in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. True and correct copies of the Civil Cover Sheet and Complaint filed by Plaintiff are concurrently filed. The state court action is pending as Case No. 2025-CA-012502-O. The Complaint was served on UCDP on December 22, 2025.

2. Plaintiff asserts claims of negligence against UCDP arising out of an incident that occurred on or about May 5, 2025 on Stardust Racers at Universal's Epic Universe theme park. Plaintiff also asserts strict products liability and negligence claims against Mack Rides GMBH & Co KG ("Mack") arising out of the same incident.

3. True and correct copies of: Summons (filed on December 19, 2025); Uniform Order Setting Case for Jury/Pretrial – General (filed on December 19, 2025); Affidavit of Service as to Universal City Development Partners, Ltd. (filed on December 31, 2025); Answer and Affirmative Defenses (filed on January 12, 2026); Notice of Appearance of Counsel and Designation of Email (filed on January 12, 2026); Compliance (filed on January 14, 2026); Notice of Service of Interrogatories (filed on January 14, 2026); Request for Admissions (filed on January 14, 2026); and Request to Produce (filed on January 14, 2026) are concurrently filed. As the concurrently filed state court docket sheet confirms, no other papers have been filed or served in the state court action.

4. As demonstrated below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

## II. DIVERSITY JURISDICTION (28 U.S.C. § 1332(a))

### A. Amount in Controversy

5. First, the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff alleges in Paragraph 1 of her Complaint that "[t]his is an action for damages ***that exceed Fifty Thousand Dollars ($50,000.00)***." (Pl. Compl. at ¶ 1) (emphasis added). In addition, in the Civil Cover Sheet filed with the state court and again filed herewith, Plaintiff estimated that the amount of her claim is "over $100,000.00." Moreover, prior to filing suit, Plaintiff made a demand in which she sought payment of $10,000,000.00 in resolution of her claims. The demand included support for the amount sought by including over 350 pages of medical and billing records, indicating the demand is not mere puffery. It lays out the injuries and medical treatment Plaintiff attributes to the subject incident. Specifically, Plaintiff's medical records indicate that, allegedly as a result of

the subject incident, Plaintiff sustained a right frontoparietal subdural hematoma with associated neurological symptoms, requiring hospitalization and middle meningeal artery embolization, and resulting in ongoing cognitive complaints. The records further reference claimed memory impairment, alleged employment consequences, and anticipated future neurological monitoring. These factors—combined with the claims of damages made in the Complaint including, but not limited to, "severe and permanent" personal injuries, disability, physical impairment, mental anguish, pain and suffering, and loss of capacity for the enjoyment of life—plausibly establishes that the amount in controversy here exceeds $75,000.00.[1]

**B. Diversity of Citizenship**

6. In accordance with 28 U.S.C. § 1332(a)(1)-(2), this action is between citizens of different States and citizens of a State and citizens or subjects of a foreign state. First, the Complaint indicates that Plaintiff resides in North Carolina. (Pl. Compl. at ¶ 3). Moreover, UCDP located Plaintiff's voter registration (**Exhibit "A"**). Plaintiff's voter registration indicates that Plaintiff is actively registered to vote in North Carolina, thereby evidencing her North Carolina citizenship.[2] Additionally, Mack is a German limited partnership organized under the laws of Germany and headquartered in Waldkirch, Germany. **(Exhibit "B")**. It is therefore a citizen or subject of a foreign state for purposes of 28 U.S.C. § 1332(a)(2).

7. Next, Universal City Development Partners, Ltd. is a Florida limited

[1] *See Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (a complaint that alleges serious, lasting physical injuries is typically removable because it is facially apparent that the claims are worth more than $75,000).

[2] *See*, *e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Bergen*, No. 6:21-cv-1365-RBD-EJK, 2021 U.S. Dist. LEXIS 255171, at *2 (M.D. Fla. Aug. 24, 2021) (citizenship for diversity jurisdiction purposes is "often demonstrated by homestead exemption, voter registration, occupational licenses, and the like").

partnership. None of its general or limited partners is a citizen of the State of North Carolina.[3] Accordingly, complete diversity exists.

## III. CONCLUSION

8. Accordingly, because diversity of citizenship exists, this Court has original jurisdiction over this cause, making removal appropriate pursuant to 28 U.S.C. § 1441(a).

Dated: January 21, 2026

Respectfully submitted,

**UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**

By counsel,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ J. Peter Greco*
NICHOLAS D. FREEMAN
Florida Bar No. 118620
nicholas.freeman@wilsonelser.com
J. PETER GRECO
Florida Bar No. 1003451
peter.greco@wilsonelser.com
111 North Orange Avenue, Suite 1200
Orlando, FL 32801
(407) 203-7599 - Phone
(407) 648-1376 – Facsimile

[3] While UCDP is a Florida limited partnership, a limited partnership has the citizenship of each of its partners, whether general or limited. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004).

**CERTIFICATE OF SERVICE**

I certify that on **January 21, 2026**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

*/s/ J. Peter Greco*
J. Peter Greco, Esq.