**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEBBIE REINELT,

     Plaintiff,

                              CASE NO.: 6:26-cv-00152-ACC-LHP

vs.

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD. and MACK RIDES
GMBH & CO KG,

     Defendants.

_____/

### DEFENDANT UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant Universal City Development Partners, Ltd. ("Universal") submits this response to the Court's January 23, 2026 Order directing Universal to show cause why this action should not be remanded for failure to adequately establish the amount in controversy and diversity of citizenship. Universal provides documentary support and controlling authority demonstrating that the amount in controversy exceeds $75,000 and that complete diversity exists. Universal further explains that Defendant Mack Rides GmbH & Co. KG ("Mack") has not been served and therefore its consent to removal is not required.

### PROCEDURAL BACKGROUND & EXHIBITS

This personal injury action arises from an incident involving a rollercoaster attraction. Universal removed the action on diversity grounds under 28 U.S.C. § 1332 on January 16, 2026. On January 23, 2026, the Court entered an Order to Show Cause directing Universal to address whether the amount in controversy had been adequately established and whether diversity of citizenship had been sufficiently pled, including issues

1

concerning Mack's citizenship and consent to removal. In support of this response, Universal submits: (i) Plaintiff's pre-suit email demand seeking $5,000,000[1], along with representative excerpts and summaries of the medical information relied upon in that demand (Ex. A); and (ii) an affidavit identifying each of Universal's partners and their citizenships (Ex. B). These materials address the concerns identified in the Court's Order.

## AMOUNT IN CONTROVERSY

Plaintiff's pre-suit demand sought $5,000,000 and was transmitted by email with extensive medical documentation referenced in support of the claimed damages **(Ex. A)**. Out of respect for Plaintiff's privacy and proportionality concerns, Universal does not submit the raw medical records themselves but instead provides representative summaries sufficient to permit the Court to evaluate the amount in controversy. The materials reflect a right frontoparietal subdural hematoma, inpatient hospitalization, middle meningeal artery embolization performed under general anesthesia, ongoing neurological complaints, and alleged employment and future monitoring consequences. The demand and supporting materials provide specific, non-conclusory data points, including described future care, that permit the Court to reasonably find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. These materials constitute the jurisdictional evidence on which Universal relies to establish the amount in controversy under the governing preponderance standard.

Eleventh Circuit authority confirms that a removing defendant is not required to submit itemized medical billing or prove damages with precision and may rely on detailed demand communications, medical summaries, affidavits, and similar documentation, and

---

[1] Universal's Notice of Removal misstated the amount of Plaintiff's pre-suit demand. The correct demand, transmitted by email, was $5,000,000, as reflected in Exhibit A.

328767239v.1

that courts may draw reasonable deductions and inferences using common sense to determine whether the jurisdictional threshold is met. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014); *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (per curiam). The preponderance standard does not require exact damages calculations, particularly where the nature and severity of the alleged injuries render the amount in controversy facially apparent. Consistent with Eleventh Circuit precedent, the amount-in-controversy inquiry does not turn on the submission of itemized medical billing or an exact damages calculation, but instead permits the Court to consider demand communications, medical summaries, and reasonable inferences drawn from the nature and severity of the alleged injuries. *See Pretka*, 608 F.3d at 754; *Roe*, 613 F.3d at 1064; *Williams*, 269 F.3d at 1319-20.

Here, Universal's removal identified the $5 million demand and summarized the medical support. Plaintiff alleges a traumatic brain injury involving a large intracranial hemorrhage with documented mass effect and midline shift, requiring inpatient hospitalization and definitive neuro-interventional treatment, followed by ongoing neurological complaints and reported work-related limitations. Courts routinely recognize that allegations of serious intracranial injury and invasive hospital-based treatment place well in excess of $75,000 in controversy, even in the absence of line-item medical billing figures. With this filing, Universal provides the pre-suit demand email and representative materials summarizing the medical information relied upon in that demand so the Court can evaluate the amount in controversy. Given the documented injuries, treatment, and

claimed sequelae, the jurisdictional minimum is satisfied.

## DIVERSITY OF CITIZENSHIP

### Universal's Citizenship

Universal is a Florida limited partnership. As the Court noted, a limited partnership's citizenship is determined by the citizenship of each of its partners, both general and limited. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Universal submits an affidavit identifying each of its partners and setting forth the state or, as applicable, foreign citizenship of each **(Ex. B)**, thereby establishing Universal's citizenship for diversity purposes. None of Universal's partners is a citizen of North Carolina, the state of Plaintiff's citizenship, as reflected in the Complaint and supporting documentation.

### Mack's Citizenship and the Foreign Limited Partnership Rule

Mack is organized in Germany as a GmbH & Co. KG, which is the functional equivalent of a limited partnership with a corporate general partner and limited partners. For diversity purposes, unincorporated associations, regardless of domestic or foreign form, take the citizenship of each of their members or partners. *See Carden*, 494 U.S. at 195-96; *Rolling Greens*, 374 F.3d at 1022. Eleventh Circuit precedent applying this principle to other unincorporated entities, including foreign ones, is consistent and clear: the analysis turns on the citizenship of the constituent members, not the place of organization or principal place of business.

Universal has not yet been able to access the identities and citizenship of each of Mack's partners because Mack has not been served and has not appeared. Upon information and belief, and based on Mack's German organizational form and public

4

corporate disclosures, none of Mack's partners is a citizen of North Carolina. Consistent with Eleventh Circuit requirements that jurisdictional facts be supported by evidence, Universal will promptly supplement with partner-specific information as soon as Mack appears or limited jurisdictional discovery is authorized. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013). Courts in this Circuit recognize that removing defendants may substantiate jurisdictional facts through affidavits and competent evidence and, as needed, pursue narrowly tailored jurisdictional discovery where the relevant information is uniquely within an opposing or non-party's control. *See Pretka*, 608 F.3d at 756-57; *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215-18 (11th Cir. 2007).

In the interim, the record establishes complete diversity as between Plaintiff, a citizen of North Carolina, and Universal, whose partners are not citizens of North Carolina, and Mack is a citizen or subject of a foreign state. This alignment supports diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

### **CONSENT TO REMOVAL AND THE UNSERVED DEFENDANT RULE**

Finally, Universal addresses the Court's inquiry regarding Mack's consent to removal. The unanimity requirement applies only to defendants who have been properly joined and served. 28 U.S.C. § 1446(b)(2)(A). Mack has not been served and has not appeared in this action, and its consent to removal is therefore not required. Eleventh Circuit authority confirms the statute's service-based structure for removal procedure and timing, and courts in this Circuit routinely hold that unserved defendants need not consent. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205-06 (11th Cir. 2008). The absence of consent by Mack does not present a procedural defect.

328767239v.1

## REQUEST FOR LEAVE TO SUPPLEMENT OR FOR LIMITED JURISDICTIONAL DISCOVERY

Universal recognizes the Court's directive to provide authority on the citizenship of a foreign limited partnership and, if applicable, the citizenship of each partner of Mack. The governing authorities are provided above. To the extent the Court requires partner-by-partner citizenship details for Mack at this stage, Universal respectfully requests leave to supplement promptly upon service on Mack or, alternatively, narrowly tailored jurisdictional discovery limited to identifying Mack's partners and their citizenships so that Universal can file a supplemental jurisdictional statement supported by competent evidence. This approach is consistent with Eleventh Circuit jurisprudence permitting reasonable evidentiary proffers to support removal and ensures that the jurisdictional inquiry is resolved on a complete factual record. *See Pretka*, 608 F.3d at 756-57.

## CONCLUSION

Universal has submitted Plaintiff's pre-suit demand email and representative materials summarizing the medical information relied upon by Plaintiff, establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Universal has also filed an affidavit identifying each of its partners and their citizenship, confirming Universal's citizenship and complete diversity relative to Plaintiff. Authority from the Supreme Court and Eleventh Circuit confirms that a foreign limited partnership like Mack is treated as an unincorporated entity whose citizenship derives from each partner, and Universal stands ready to promptly supplement with partner-specific details upon Mack's service or following limited, targeted jurisdictional discovery. Finally, because Mack has not been served, its consent to removal is not required under 28 U.S.C. § 1446(b)(2)(A).

For these reasons, the Court should discharge the Order to Show Cause and retain

jurisdiction.


Dated: January 26, 2026

Respectfully submitted,

**UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.**

By counsel,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ J. Peter Greco*
NICHOLAS D. FREEMAN
Florida Bar No. 118620
nicholas.freeman@wilsonelser.com
J. PETER GRECO
Florida Bar No. 1003451
peter.greco@wilsonelser.com
111 North Orange Avenue, Suite 1200
Orlando, FL 32801
(407) 203-7599 - Phone
(407) 648-1376 – Facsimile

7

328767239v.1

**CERTIFICATE OF SERVICE**

I certify that on **January 26, 2026**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

*/s/ J. Peter Greco*
J. Peter Greco, Esq.

328767239v.1