**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEBBIE REINELT,**

       **Plaintiff,**

**v.**                                     **Case No.   6:26-cv-152-ACC-LHP**

**UNIVERSAL CITY**
**DEVELOPMENT PARTNERS,**
**LTD. and MACK RIDES GMBH &**
**CO KG,**

       **Defendants.**

_____

## ORDER

This cause comes before the Court on review of Defendant Universal City Development Partners, Ltd.'s ("Universal") response (Doc. 9) to the Court's Order to Show Cause regarding jurisdiction (Doc. 8). The amount in controversy has still not been established, and the diversity allegations are insufficient. Therefore, the case will be remanded.

***Subject Matter Jurisdiction Based on Diversity of Citizenship***

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978).

"Federal courts are courts of limited jurisdiction. A defendant's right to remove an action against it from state to federal court is created and defined by statute, and removal statutes are strictly construed." *King v. Gov't Emp. Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014)[1] (citations omitted). "Consequently, all doubts about the propriety of removal should be resolved in favor of remand." *King*, 579 F. App'x at 800; *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (holding "removal jurisdiction raises significant federalism concerns" and doubt as to "jurisdiction should be resolved in favor of remand to state court").

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

---

[1] Unpublished opinions of the Eleventh Circuit generally constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6. This opinion, however, summarizes published case law describing the standard.

In cases where the plaintiff has not specified a particular amount of damages, such as this case, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Meehan v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-490, 2015 WL 13567353, at *1 (M.D. Fla. June 2, 2015) (Conway, J.) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)); *see also*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

This case involves a personal injury action wherein Plaintiff was injured following a rollercoaster ride. Plaintiff brings claims for products liability and negligence arising out of the incident. Universal removes this action based on diversity jurisdiction (Doc. 1) and asserts that the amount in controversy is satisfied based on a pre-suit demand letter seeking $5 million. (Doc. 9). In evaluating demand letters and settlement offers as proof of the amount in controversy, the court must ask whether the letters and offers "merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (citations and internal quotation marks omitted). In response to the Court's Order to Show Cause, Universal provided the demand letter but it does not include any specific amounts attributed to past medical bills or other concrete

damages that would enable this Court to determine whether the amount in controversy has been satisfied. While the demand describes the injuries, this alone is insufficient for the Court to determine the actual amount at issue. *See Green v. Travelers Indem. Co.*, No. 3:11-cv-00922-RBD-TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011) ("[M]ere allegations of severe injuries are insufficient to establish the amount in controversy.").

Universal advises that it provided "representative summaries" of Plaintiff's past medical bills but those summaries were not included in the attached exhibit that merely describes the injuries and treatment. (Doc. 9-1). Universal could have provided a categorization or listing of each medical procedure and/or doctor or visit and the accompanying cost to establish that these amounts exceed $75,000, but Universal did not do this. Universal represents it has the medical bills but is inexplicably unable to provide the Court with a categorical listing and specific amounts. This suggests that the medical bill amounts do not satisfy the jurisdictional threshold. For these reasons and because the email includes only a flat demand that lacks any concrete damages categorizations, the Court determines that the demand is nothing more than mere puffery and is insufficient to establish the amount at issue.

Universal has also failed to allege diversity of citizenship. Universal alleges its co-defendant's citizenship based on "information and belief." (Doc. 9 at 4). However, "[a]llegations premised only on 'information and belief' are plainly insufficient to establish the jurisdictional thresholds necessary to invoke this Court's

subject matter jurisdiction." *Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 3:20-cv-1165-MMH-JBT, 2020 WL 6263756, at \*2 (M.D. Fla. Oct. 23, 2020); *see also Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982-WWB-DCI, 2019 WL 10375473, at \*1 (M.D. Fla. May 29, 2019) ("[A]lleging citizenship on 'information and belief' is insufficient."); *Wilkins v. Stapleton*, No. 6:17-cv-1342-RBD-GJK, 2017 WL 11219132, at \*1 (M.D. Fla. Aug. 1, 2017) ("DO NOT allege jurisdictional facts 'on information and belief.'"). The Court will not permit jurisdictional discovery. The case will be remanded.

Based on the foregoing, it is ordered as follows:

1. This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2025-ca-12502.

2. The Clerk is **DIRECTED** to mail a certified copy of this Order remanding the case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida; and, thereafter, terminate all pending motions as moot and **CLOSE** the case.

- 6 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 28, 2026.

/s/ Anne C. Conway_____
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties